**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge John L. Kane**


Civil Action No. 10-cv-31-AP

WILDEARTH GUARDIANS,

        Plaintiff,

v.

KEN SALAZAR, in his official capacity as United States Secretary of the Interior,

        Defendant.

---

**JOINT CASE MANAGEMENT PLAN**

---

**1.**    **APPEARANCES OF COUNSEL:**

For Plaintiff:

Alena E. Amundson
Law Office of Alena E. Amundson
8021 E. 29th Ave.
Denver, CO. 80238
(303) 800-7109
(208) 978-5877 (facsimile)
alena@alenaamundson.com

Melissa A. Hailey
WildEarth Guardians
1536 Wynkoop Street, Suite 301
Denver, CO 80202
(303) 353-1490
mhailey@wildearthguardians.org

For Defendant:

Meredith L. Flax
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

Ben Franklin Station
P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0404
(202) 305-0275 (facsimile)
meredith.flax@usdoj.gov

2.     **SUBJECT MATTER JURISDICTION:**

Plaintiff asserts that this Court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (U.S. as a defendant),

28 U.S.C. §§ 2201-2202 (declaratory and injunctive relief), 16 U.S.C. §§ 1540(c) and (g)

(action arising under the Endangered Species Act ("ESA") and citizen suit provision),

and 5 U.S.C. §§ 701-706 (Administrative Procedure Act).  More than sixty days prior to

the filing of the Petition for Review of Agency Action,[1] Plaintiff provided Defendant

with written notice of the claims alleged in that Petition and of its intent to sue.  See 16

U.S.C. § 1540(g).

3.     **DATES OF FILING OF RELEVANT PLEADINGS:**

    **A.     Date Petition for Review of Agency Action Was Filed:**

January 7, 2010

    **B.     Date Petition for Review of Agency Action Was Served on U.S. Attorney's Office:**

January 14, 2010

    **C.     Date Answer and Administrative Record Were Filed:**

Defendant filed an Answer to the Petition for Review of Agency Action on March

19, 2010.  Defendant has not yet filed an Administrative Record.  Defendant proposes to

file the Administrative Record by May 24, 2010.

---

[1]  The parties agree that this Court's review of this case is governed by Olenhouse v.
Commodity Credit Corp., 42 F.3d 1560, 1580 (10th Cir. 1994).

**4.      STATEMENT REGARDING THE ADEQUACY OF THE RECORD:**

Defendant proposes filing the Administrative Record on May 24, 2010.

Accordingly, Plaintiff cannot presently make any statement as to the adequacy of the

Record.  The parties propose that any motion concerning the contents of the

Administrative Record be filed by June 23, 2010.

**5.      STATEMENT REGARDING ADDITIONAL EVIDENCE:**

As discussed in item 4 above, Plaintiff may file a motion seeking to add evidence

to the Administrative Record by June 23, 2010.

Additionally, Plaintiff will support its Opening Brief on the Merits[2] with a

declaration(s) to provide the evidentiary support upon which Plaintiff can establish its

Constitutional standing (Article III) to undertake this litigation.

Defendant intends to take discovery as to Plaintiff's standing.  Plaintiff asserts that

because this is an Olenhouse record review proceeding, in which discovery is generally

not allowed,[3] Defendant must file a motion seeking such discovery.  Defendant asserts

that jurisdictional discovery is appropriate before the parties proceed to litigation of the

merits of this dispute, and thus no leave of court is necessarily required before proceeding

with jurisdictional discovery.  However, the parties have  agreed in Wildearth Guardians

---

[2] While the parties agree that the Court must, in accordance with Olenhouse, 42 F.3d at
1580, govern itself by referring to the Federal Rules of Appellate Procedure, the parties
do not intend to style their briefs in strict adherence to the service, formatting, and hard
copy requirements of Fed. R. App. P. Rules 31 and 32, and do not intend to file
appendices in lieu of Federal Defendant's forthcoming Administrative Record.  The
parties agree that each brief on the merits will not exceed 30 pages in length.

[3] See Olenhouse, 42 F.3d at 1579 ("This process [referring to how "the District Court
processed the Farmers' appeal as a separate and independent action, initiated by a
complaint and subjected to discovery and a 'pretrial' motions practice"], at its core, is
inconsistent with the standards for judicial review of agency action under the APA.").

v. Salazar, No. 1:10-cv-11-AP (D. Colo.) that Defendant shall file a motion for jurisdictional discovery by June 11, 2010 to allow the Court to determine whether Defendant's proposed discovery is appropriate. The parties agree that the Court's decision on that motion will govern whether Defendant is entitled to conduct jurisdictional discovery in this case.

Accordingly, in the event the Court grants Defendant's motion for jurisdictional discovery in Wildearth Guardians v. Salazar, Civ. No. 1:10-cv-11-AP, Defendant shall propound his initial written discovery in this case within 7 days of entry of the order granting the motion. Jurisdictional discovery shall be completed within 90 days of commencement of discovery.

**6. STATEMENT REGARDING UNUSUAL CLAIMS OR DEFENSES:**

None.

**7. OTHER MATTERS:**

As noted above, this case is similar in procedural posture to Wildearth Guardians v. Salazar, No. 1:10-cv-00011-AP (D. Colo.) (Narrow-foot hygrotus diving beetle). Accordingly, the parties have agreed that the Court's ruling on Defendant's discovery motion in that case will guide discovery practice in this case.

**8. BRIEFING SCHEDULE:**

Plaintiff shall file any motion regarding the contents of the administrative record no later than June 23, 2010.

As the parties intend to engage in motion practice concerning discovery, they propose that the Court not set a merits briefing schedule at this time. Instead, the parties propose that they submit a proposal for further proceedings within 14 days of the Court's

decision on Defendant's jurisdictional discovery motion in <u>Wildearth Guardians v.</u> <u>Salazar</u>, Civ. No. 1:10-cv-11-AP.

**9.     STATEMENTS REGARDING ORAL ARGUMENT:**

<u>Plaintiff's Statement</u>:  Because the ESA is a unique and fairly specialized area of law, Plaintiff believes that oral argument would assist the Court in its resolution of this case.

<u>Defendant's Statement</u>:  Defendant does not specifically request oral argument in this case.

**10.    CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE:**

The parties do not consent to the exercise of jurisdiction of a United States Magistrate Judge.

**11.    OTHER MATTERS:**

The parties understand that parties filing motions for extensions of time or continuances must comply with D.C.COLO.LCivR 7.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

**12.    AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.

DATED this 10th day of May, 2010.

BY THE COURT:
<u>*s/John L. Kane*</u>
U.S. DISTRICT COURT JUDGE

APPROVED:

s/Alena E. Amundson
Alena E. Amundson
Law Office of Alena E. Amundson
8021 E. 29th Ave.
Denver, CO 80238
(303) 800-7109
alena@alenaamundson.com

s/ Melissa A. Hailey
Melissa A. Hailey
WildEarth Guardians
1536 Wynkoop Street, Suite 301
Denver, CO 80202
(303) 353-1490
mhailey@wildearthguardians.org

Attorneys for Plaintiff WildEarth Guardians


s/Meredith L. Flax
Meredith L. Flax
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0404
(202) 305-0275 (facsimile)
meredith.flax@usdoj.gov

Attorney for Federal Defendant